IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David Bacchus, # 315173, ) | |
| ) | Civil Action No. 6:15-723-HMH-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| RN Luann Manny, ) | |
| DHO Francis Bachman, ) | |
| Captain Ann Shepard, and ) | |
| Major Terrance Nettles, ) | |
| ) | |
| Defendants. ) | |

The plaintiff is a state prisoner at Lieber Correctional Institution within the South Carolina Department of Corrections ("SCDC"). He is proceeding *pro se*, seeking relief pursuant to Title 42, United States Code, Section 1983. The defendants are employees at Lieber. In his complaint, the plaintiff alleges that the defendants retaliated against him and violated his rights to free speech and due process when he was sanctioned for filing a number of Request To Staff Member forms ("Request forms") concerning his medical care.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

## BACKGROUND

On September 7, 2014, the plaintiff submitted four Request to Staff Member forms, each addressed to a different individual in the medical unit at Lieber, including

defendant RN Luanne Mauney.[1] In each Request form, the plaintiff used vulgar and demeaning language as he demanded additional treatment for his back pain.[2] The plaintiff also wrote that he would "seek full redress of the law" if satisfactory treatment was not provided (docs. 30-10, pp. 2-5). Nurse Mauney filed an incident report concerning the Request forms, charging the plaintiff with the SCDC violations of: (1) use of obscene, vulgar, or profane language, (2) disrespect, and (3) threatening an SCDC employee (doc. 30-9, Mauney aff.). Captain Sheppard and Major Nettles approved the charges, and a disciplinary hearing was held the following month before DHO Bachman. The record shows that the plaintiff actively participated in the hearing, was provided representation, and that Nurse Mauney testified against him (doc. 30-12). At the outset of the hearing, DHO Bachman advised that all three charges were at issue; however, at its conclusion, she only cited the threat charge. After reviewing the plaintiff's language contained in the Request forms (including that he "would teach you a lesson"), and after considering Nurse Mauney's testimony that she felt threatened by the plaintiff's "full redress of the law" comment, DHO Bachman found the plaintiff guilty of threatening an SCDC employee, and sanctioned him to 90 days disciplinary detention and loss of various privileges (*id.*). A written decision (doc. 30-11) was prepared by DHO Bachman on October 2, 2014, which the plaintiff appealed by filing numerous grievances in the following weeks (docs. 31-4 through 22).

        In his grievances, the plaintiff protested his conviction for threatening the medical staff, arguing that his use of the term "full redress of the law" was not a threat of physical harm. The Warden agreed, stating that the charge had been misinterpreted. He

---

[1] The defendants have provided the correct spelling of their names: RN Luanne Mauney, DHO Francine Bachman, Captain Ann Sheppard, and Major Thierry Nettles.

[2] In response to a grievance, the plaintiff is shown to have received treatment and medication for his back pain (doc. 31-13, p.2).

overturned the plaintiff's conviction and lifted the sanctions, while admonishing the plaintiff for his behavior (doc. 31-22, p. 3).

The plaintiff then filed this action. In his complaint, he alleges that the defendants violated his First and Fourteenth Amendment rights by prosecuting him for the Request forms he submitted and for "failing to know" that the plaintiff had constitutional rights of free speech and due process. In his "brief in support" of his complaint (doc. 31), the plaintiff further accuses the defendants of retaliating against him for exercising his right to free speech.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the

existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Summary judgment is not "a disfavored procedural shortcut" but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

### *First Amendment*

The plaintiff complains that he was denied his right to free speech guaranteed by the First Amendment when he was charged for the language contained in his Request forms, focusing on the phrase, "full redress of the law." However, he makes no mention of the vulgar and disrespectful language he used in the Request forms as well. The First Amendment does not protect the plaintiff's profane language here, as the government has broad discretion to limit the speech of inmates, so long as the restriction is reasonably related to legitimate penological interests. *See Turner v. Safley,* 482 U.S. 78 (1987). Maintaining order and discipline in the prison environment is certainly a legitimate penological interest and restricting the use of obscene, disrespectful language is reasonable towards that end. Accordingly the medical staff committed no constitutional violation for citing the plaintiff for his language in the Request forms, and the plaintiff's claim First Amendment claim should be dismissed.

### *Due Process / Access to Court*

The plaintiff complains that he was denied due process and access to court. However, the record reveals just the opposite to be true. The plaintiff was informed of his disciplinary charge and acknowledged receipt of his charge and hearing date (doc. 30-11).

Less than a month after he was charged for the offending Request forms, the plaintiff was provided a hearing on the charges in which he actively participated with the assistance of a counsel substitute (doc. 30-12). . A written decision (doc. 30-11) was prepared by DHO Bachman setting forth the evidence relied on and the reasons for the disciplinary action. Following his conviction, the plaintiff utilized the prison's grievance system to successfully appeal and have his sanctions lifted. Moreover, the plaintiff ably filed this action less than six months later.

Prisoners are entitled to certain procedural protections in disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). The minimum required protections are: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 454-55 (1985) (citing *Wolff*, 418 U.S. at 563-67). Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence in the record." *Id.* at 454-55. The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id*. at 455–56. This standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). As the Supreme Court noted in *Hill*, "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." 472 U.S. at 455–56.

Here, the plaintiff received all the procedural protections required, and DHO Bachman's decision was supported by some evidence, specifically the Request forms and Nurse Mauney's testimony (doc. 30-11). Accordingly, the plaintiff's due process claim fails.

The plaintiff has also failed to show that the defendants prevented him from pursuing his claims or denying him access to court, and this meritless claim should also be dismissed. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996) (holding that to prevail on claim of denial of access to the courts, prisoner must demonstrate that he suffered an actual injury, such as missing a court-imposed deadline or being unable to file a complaint, because of the defendants' actions).

*Retaliation*

The plaintiff claims that the defendants retaliated against him when they charged and prosecuted him for presenting his offending Request forms. Claims of retaliation by inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir.1996); *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir.1994) *cert. denied,* 514 U.S. 1022 (1995). To succeed on his claim, an inmate must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams,* 40 F.3d at 75. Thereafter, the inmate must also demonstrate that he suffered some adverse impact or actual injury. *ACLU of Md., Inc. v. Wicomico County, Md.,* 999 F.2d 780, 785 (4th Cir. 1993) (citing *Huang v. Bd. of Governors of Univ. of N.C.,* 902 F.2d 1134, 1140 (4th Cir.1990)). Additionally, an inmate must come forward with specific evidence "establish[ing] that but for the retaliatory motive, the complained of incident … would not have occurred." *Woods v. Smith,* 60 F. 3d 1161, 1166 (5th Cir.1995); *see also Collinson v. Gott,* 895 F.2d 994, 1002 (4th Cir.1990).

6

6:15-cv-00723-HMH    Date Filed 11/03/15    Entry Number 40    Page 7 of 9

The plaintiff has failed to establish that the defendants were motivated by retaliation in responding to his Request forms. Nurse Mauney's incident report cited the profane and disrespectful language used by the plaintiff, and she considered the tone exhibited in the Request forms to be threatening. While the charges were ultimately dismissed on appeal, that fact alone does not support a charge of retaliation. The plaintiff has presented nothing to this court to remotely suggest that any of the defendants purposely set out to retaliate against him by prosecuting him for his offending Request forms. Indeed, the plaintiff presented no evidence of retaliation to the Warden on appeal, and the Warden overturned the conviction due to a "misinterpretation" of SCDC's threat charge, rather than any intentional, retaliatory conduct by the defendants. Therefore, in light of the plaintiff's failure to present sufficient evidence of retaliation, the defendants are entitled to summary judgment on this claim.

### *Qualified Immunity*

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*. To determine whether qualified immunity applies, a district court must determine whether a plaintiff has alleged the deprivation of an actual constitutional right at all and whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1865 (2014) (*per curiam*); and *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

As there has been no deprivation of a constitutional right as addressed above, the defendants are entitled to qualified immunity.

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the District Court grant the defendants' motion for summary judgment (doc. 30). The attention of the parties is directed to the notice on the next page.

November 3, 2015  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).